(C.D. 4331)

WILFRED SCHADE & CO., INC.
PARAMOUNT TEXTILE MACHINERY CO. } *v.* UNITED STATES

*Removed from suspension disposition file by filing of complaint August 9, 1971.

United States Customs Court, Second Division

(Decided February 17, 1972)

*Barnes, Richardson & Colburn* (*E. Thomas Honey, Joseph Schwartz*, and *Irving Levine* of counsel) for the plaintiffs.

*L. Patrick Gray, III*, Assistant Attorney General (*Herbert Peter Larsen* and *Steven P. Florsheim*, trial attorneys), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: Plaintiffs in this action seek a determination by this court of the proper classification of certain preboarding machines and parts which were classified under the provisions of paragraph 372, Tariff Act of 1930, as modified by T.D. 51802 or T.D. 55615 and T.D. 55816, covering textile machinery for finishing textiles and parts thereof. Duty was assessed at the rate of 20 or 18 per centum ad valorem, depending upon the date of entry.

Classification is claimed to be under the basket provision for machines under paragraph 372, Tariff Act of 1930, as modified by T.D. 54108 or T.D. 55615 and T.D. 55816, depending upon the date of entry. An alternative claim, by oral amendment, under paragraph 353, Tariff Act of 1930, as modified, has been conceded in brief of plaintiffs not to be applicable as the record established the non-essentiality of the electrical features. The claim as to paragraph 353, *supra*, is therefore overruled.

The pertinent portions of the statutory provisions involved herein provide as follows:

Paragraph 372, Tariff Act of 1930, as modified by T.D. 51802:

Textile machinery, finished or unfinished, not specially provided for (except * * *):

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Bleaching, printing, dyeing, or finishing _____ 20% ad val. [18%, T.D. 55615 and T.D. 55816]

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Parts, not specially provided for, wholly or in chief value of metal or porcelain, of articles provided for in any item 372 of this Part:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

| | |
|---|---|
| Other _____ | The same rate of duty as the articles of which they are parts |

Paragraph 372, Tariff Act of 1930, as modified by T.D. 54108:

Machines, finished or unfinished, not specially provided for.:

 *　　　 *　　　 *　　　 *.　　　 *　　　　 *　　　 · *

| | |
|---|---|
| Other (except * * *)_____ | 11½% ad val. [10½%, T.D. 55615 and T.D. 55816] |
| Parts, not specially provided for, wholly or in chief value of metal or porcelain, of any article provided for in any item 372 in this Part. | The rate for the article of which they are parts. |

The record consists of the testimony of two witnesses called on behalf of plaintiffs as well as two exhibits (plaintiffs' exhibits 11 and 12) and four exhibits from the incorporated case (plaintiffs' exhibits 7–10). The testimony of Mr. Pope (R.8–R.23) in the case of *Paramount Textile Machinery Co. et al.* v. *United States*, 62 Cust. Ct. 936, R.D. 11665 (1969), was incorporated.

The preboarding machines weigh 4000 or 5000 pounds, are 12 to 13 feet long, about 3½ feet wide and 8 feet high with the dome down or 12 feet high with the dome up. Some of these machines, the ones invoiced "domeless" were finished with American made parts in plaintiffs' plant. Plaintiffs also added the so-called rocker arm and metal-shaping forms. The machine operates on hosiery blanks or tubes which are in effect completely knitted hosiery. The imported machine by use of steam performs a cosmetic operation similar to ironing. The actual operation was described as follows:

> Well, basically this is a pressure vessel in which you load ladies' seamless stockings on to forms on a carriage; the carriage traverses into the pressure chamber; the pressure chamber is closed, the door is locked, steam is then turned on by virtue of some valves; the goods are cooked anywhere from 15 seconds to a minute; in the meantime the operators are loading the other carriage. After the cooking is complete, the dome and pressure system opens. When the operator has completed loading her second carriage she, in turn, restarts the machine and the carriage that has just been treated comes out of the machine and the new carriage goes into the machine.

The machine performs preboarding which is before dyeing and postboarding which is subsequent to dyeing.

The entries covered by this action were originally the subject of an appeal for reappraisement involving among other phases the quasi classification issue of whether the imported merchandise is or is not on the final list of the Secretary of the Treasury, 93 Treas. Dec. 14, T.D. 54521. The court in the case of *Paramount Textile Machinery Co. et al.* v. *United States*, 62 Cust. Ct. 936, R.D. 11665 (1969), held the imported merchandise not to be textile finishing machines and therefore not on the final list.

Under the circumstances and following the reasoning of R.D. 11665, *supra*, we are still of the opinion that the imported machines and parts are not textile finishing machines and parts thereof.

The claim in the protest that the imported merchandise is properly subject to classification as machines not specially provided for under the provisions of paragraph 372. *supra*, is sustained. Judgment will be entered accordingly.